**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTOINETTE NESSI, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-06093 |
| v. | ) ) | Honorable Matthew F. Kennelly |
| HONEYWELL RETIREMENT EARNINGS PLAN; HONEYWELL INTERNATIONAL INC.; JOHN DOE AND JANE DOE 1–10, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO TRANSFER**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 1

III.   LEGAL STANDARD ........................................................................................ 4

IV.   ARGUMENT ..................................................................................................... 5

     A.    The Plan's Forum-Selection Clause Requires Transfer to the Western District of North Carolina. ...................................................... 5

          1.    The Forum-Selection Clause Encompasses This Dispute. ....................... 6

          2.    The Forum-Selection Clause Is Valid. ....................................................... 7

     B.    The Public-Interest Factors Favor Transfer. ......................................... 11

     C.    Even Absent the Forum-Selection Clause, Transfer Is Warranted. ..................... 14

V.    CONCLUSION................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*AAR Int'l, Inc. v. Nimelias Enters. S.A.*,
   250 F.3d 510 (7th Cir. 2001) ................................................................7

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
   2015 WL 12733443 (C.D. Cal. Apr. 10, 2015) .................................10

*Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.'s Employee Ben. Plan*,
   2010 WL 481420 (D. Ariz. Feb. 8, 2010)..........................................10

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
   571 U.S. 49 (2013)............................................................... *passim*

*Billings v. Ryze Claim Sols., LLC*,
   2018 WL 2762117 (E.D. Cal. June 8, 2018) .....................................14

*Carnival Cruise Lines, Inc. v. Shute*,
   499 U.S. 585 (1991)...........................................................................11

*Cent. States, Se. & Sw. Areas Pension Fund v. Reese Trucking, Inc.*,
   2013 WL 1113205 (N.D. Ill. Mar. 15, 2013).................................5, 10

*Coleman v. Supervalu, Inc. Short Term Disability Program*,
   920 F. Supp. 2d 901 (N.D. Ill. 2013) ..................................................7

*Conte v. Ascension Health*,
   2011 WL 4506623 (E.D. Mich. Sept. 28, 2011)................................10

*Creighton v. Metlife, Inc.*,
   2015 WL 5081600 (N.D. Ill. Aug. 27, 2015) ....................................12

*Dewsbury v. Bimeda Inc.*,
   2024 WL 1254222 (N.D. Ill. Mar. 25, 2024)......................................12

*Doe v. Cultural Care, Inc.*,
   2010 WL 3075711 (N.D. Ill. Aug. 3, 2010) .........................................7

*Double Z Enters. v. Gen. Mktg. Corp.*,
   2000 WL 970718 (Del. Super. Ct. June 1, 2000) ................................8

*In re Factor VIII or IX Concentrate Blood Prods. Litig.*,
   484 F.3d 951 (7th Cir. 2007) ..............................................................12

*Fahy v. Minto Dev. Corp.*,
   2024 WL 1116050 (N.D. Ill. Mar. 14, 2024)......................................15

*Feather v. SSM Health Care*,
   216 F. Supp. 3d 934 (S.D. Ill. 2016)...............................................9, 10

*Heil v. Midwest Operating Eng'rs Health & Welfare Fund*,
   1993 WL 226303 (N.D. Ill. June 24, 1993) ..........................................9

# TABLE OF AUTHORITIES
## (*Continued*)

**Page(s)**

*Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*,
   29 F.4th 351 (7th Cir. 2022) ..................................................................................5, 12, 14

*J & L Mgmt. Corp. of Ohio v. Arcelormittal Wierton, Inc.*,
   2008 WL 5082980 (N.D. Ill. Nov. 25, 2008) ..........................................................13

*Kahn v. Target Corp.*,
   2023 WL 2306940 (N.D. Ill. Mar. 1, 2023)..............................................................15

*Kelley v. MailFinance Inc.*,
   436 F. Supp. 3d 1136 (N.D. Ill. 2020) ............................................................5, 7, 11

*Kjaer Weis v. Kimsaprincess Inc.*,
   296 F. Supp. 3d 926 (N.D. Ill. 2017) .......................................................................15

*Lazaro v. BNSF Ry. Co.*,
   2023 WL 6049923 (N.D. Ill. Sept. 15, 2023) ..........................................................12

*In re Mathias*,
   867 F.3d 727 (7th Cir. 2017) .......................................................................... *passim*

*McDougall v. Pioneer Ranch Ltd. P'ship*,
   494 F.3d 571 (7th Cir. 2007) ...................................................................................14

*Melissa's Tr. v. Seton*,
   2014 WL 3811241 (N.D. Ill. July 31, 2014)............................................................10

*Mezyk v. United States Bank Pension Plan*,
   2009 WL 3853878 (S.D. Ill. Nov. 18, 2009)..........................................................8, 9

*Nulogy Corp. v. Menasha Packaging Co.*,
   590 F. Supp. 3d 1141 (N.D. Ill. 2022) .......................................................................6

*Pomerantz v. Int'l Hotel Co.*,
   359 F. Supp. 3d 570 (N.D. Ill. 2019) .........................................................................6

*Rodriguez v. PepsiCo Long Term Disability Plan*,
   716 F. Supp. 2d 855 (N.D. Cal. 2010) ........................................................................9

*In re Ryze Claims Sols., LLC*,
   968 F.3d 701 (7th Cir. 2020) ...................................................................................14

*Smith v. Aegon USA, LLC*,
   770 F. Supp. 2d 809 (W.D. Va. 2011) .........................................................................9

*Testa v. Becker*,
   2010 WL 1644883 (C.D. Cal. Apr. 22, 2010) ..........................................................10

## TABLE OF AUTHORITIES
### (*Continued*)

**Page(s)**

*Warwick v. Schneider Nat'l, Inc.*,
  2020 WL 5891407 (N.D. Ill. Oct. 5, 2020).............................................................14

*Williams v. CIGNA Corp.*,
  2010 WL 5147257 (W.D. Ky. Dec. 13, 2010)........................................................10

### Statutes

28 U.S.C. § 1404(a) ........................................................................................4, 5

29 U.S.C. § 1132(e)(2)..........................................................................................11

## I.   INTRODUCTION

Antoinette Nessi brings ERISA claims against Honeywell International Inc. ("Honeywell") and the Honeywell Retirement Earnings Plan ("the Plan") in connection with the Plan's administration and terms.   But the Plan contains an unambiguous forum-selection clause requiring such suits to be filed in the Western District of North Carolina, where Honeywell is headquartered and the Plan is administered.   Honeywell has annually and clearly informed Nessi (and other Plan participants) of the forum-selection clause, advising that "any action in connection with the Plan must be filed in the U.S. District Court for the Western District of North Carolina."

This unambiguous forum-selection clause mandates transfer in this case.   It is blackletter law that forum-selection clauses in ERISA plans "'should control except in unusual cases.'"   *In re Mathias*, 867 F.3d 727, 731 (7th Cir. 2017) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013)).   There are no unusual circumstances precluding transfer here.   Nessi has had notice of the Plan's venue provisions since they went into effect in 2017.   And besides her prior work in Illinois from more than three decades ago—work that is not at issue in Plaintiff's Complaint—this case has no connection to Illinois and a multitude of material connections to North Carolina.   Accordingly, the Court should enforce the Plan's forum-selection clause and transfer this case to the Western District of North Carolina.

## II.   BACKGROUND

Honeywell is a leader in the aerospace, automation, and safety industries, with headquarters in Charlotte, North Carolina, and with thousands of employees located in forty-three states. Declaration of Matthew Ponicall ("Ponicall Decl.") ¶ 3.   One of the benefits Honeywell offered to employees at times was participation in its pension plans.   The Honeywell Retirement Earnings Plan is one such plan, which currently operates with approximately 91,000 participants and

beneficiaries located across the United States, territories of the United States, and foreign countries. *Id.* ¶ 5.

The Plan is administered in North Carolina. *Id.* ¶ 7. Most employees of Honeywell's Benefits Department, including the Plan Administrator, Clifford Kenyon, work at Honeywell's Charlotte headquarters. *Id.* ¶ 8. Honeywell maintains Plan records at its Charlotte headquarters and uses a third-party recordkeeper, Conduent, to assist in administering the Plan. *Id.* ¶ 11. Conduent's personnel that help administer the Plan work in several different locations, but none of those personnel resides in Illinois. *Id.*

According to the complaint, from 1976–1988, Nessi worked for a company called UOP. Compl. ¶ 3. Nessi alleges that UOP "was subsequently purchased by Allied-Signal and changed its name to Honeywell International Inc. following Allied-Signal's merger with Honeywell." *Id.* Nessi alleges that her employment at UOP gave her the right to receive pension benefits under the Plan. *Id.* ¶¶ 3–4, 12.

The Plan specifically delineates the groups of people it applies to, *see* Ponicall Decl., Ex. 1 (Plan Document) at 1–2, and it also provides clear procedures for amendments, *id.* at 85–87. As relevant here, "the Chief Executive Officer" of Honeywell may amend the Plan, so long as he or she acts "pursuant to authority delegated by the Board of Directors." *Id.* at 85–86. To ensure participants will be apprised of all amendments, the Plan requires participants to "file with the Plan Administrator . . . [their] post office address," recognizing that "[a]ny communication . . . addressed to a Participant . . . at [their] last post office address filed with the Plan Administrator, or as shown on the records of the Employer, shall bind [the participant or beneficiary], for all purposes of this Plan." *Id.* at 67. Until 2017, the Plan did not contain a forum-selection clause.

Two amendments to the Plan are relevant here. First, "[e]ffective January 1, 2017,"

Honeywell amended the Plan to add a new Section 12.15 to require that "any action in connection with the Plan must be filed in the Federal District Court of New Jersey."  Ponicall Decl., Ex. 2 (2016 CEO Authorization & Amendment) at 5.  Honeywell also amended Section 12.10 and Section 12.11 of the Plan to include a statement that "[e]ffective January 1, 2017, a Claimant must bring any legal action in connection with the Plan in the Federal District Court of New Jersey within the six month period commencing on the date the Claimant's claim and appeal rights under the Plan are exhausted."  *Id*.  Honeywell was headquartered in New Jersey at the time.  Ponicall Decl. ¶ 4.  Honeywell promptly provided Plan participants and beneficiaries, including Nessi, notice of the amendments, mailing annual funding notices to Nessi together with a summary of plan changes identifying important plan updates and other information, including the forum-selection clause.  *Id*. ¶¶ 8, 22; *id.*, Ex. 10 at 8 (recognizing "[p]lan changes" including that "a claimant must bring any legal action in connection with the Plan in the Federal District Court of New Jersey"); *id*., Ex. 9 (Plan mailing confirmation for Nessi for 2015–2022).

Second, in 2019, Honeywell moved its headquarters to Charlotte, North Carolina.  *Id*. ¶ 4.  Accordingly, Honeywell's then-Chief Executive Officer, Darius Adamczyk, exercised the authority he had been delegated "by the Management Development and Compensation Committee . . . on July 29, 2002" to "change the venue selection provisions of the [Plan] to require any action in connection with the plan to be filed in the United States District Court for the Western District of North Carolina."  Ponicall Decl., Ex. 3 (2020 CEO Authorization & Amendment) at 1.[1]  By

---

[1] On July 29, 2002, Honeywell's Board of Directors delegated to the Management Development and Compensation Committee (MDCC) the authority to adopt, modify, and terminate the Company's pension benefit plans, including the Plan.  Ponicall Decl. ¶12.  The Board also vested the MDCC with authority to delegate to others its power to amend.  *Id*.  That same day, the MDCC delegated to Honeywell's Chairman and Chief Executive Officer the authority to adopt, modify, and terminate Company's pension benefit plans, including the Plan.  *Id*.  Accordingly, Honeywell's CEO has had the power to amend the Plan at all relevant times.

signature December 23, 2020, Mr. Adamczyk adopted this venue-selection provision and authorized the execution of any documentation or making of any administrative changes necessary or desirable to effectuate the amendment. *Id.*

As a result, the Plan was amended by replacing the previous Section 12.15 with a new Section 12.15, which reads as follows:

> RESTRICTION ON VENUE. Effective January 1, 2021, any action in connection with the Plan must be filed in the U.S. District Court for the Western District of North Carolina.

*Id.*, Ex. 3 at 2. Section 12.11 of the Plan was also amended to provide that "Effective January 1, 2021, a Claimant must bring any legal action in connection with the Plan in the U.S. District Court for the Western District of North Carolina within the six month period commencing on the date the Claimant's claim and appeal rights under the Plan are exhausted." *Id.* Honeywell provided Plan participants and beneficiaries, including Nessi, annual notice of that amendment beginning in 2021, mailing the applicable annual funding notices with summaries of plan changes and administrative reminders, which included notice of the forum-selection clause, on April 10, 2021, April 3, 2022, April 15, 2023, and April 26, 2024. Ponicall Decl. ¶¶ 9, 16–19; *see also id.*, Ex. 6 (recognizing a variety of "[p]lan changes," including that "[a]ny legal action in connection with the Plan must be filed in the United States District Court for the Western District of North Carolina"); *id.*, Exs. 4 at 8, 5 at 8, and 7 at 7 (same); *id.*, Ex. 9 (Plan mailing confirmation for 2015–2022).

## III.    LEGAL STANDARD

A court may transfer a case to any district "where it might have been brought" or "to which all parties have consented" "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) is the proper "mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine*, 571 U.S. at 59. A

"valid forum-selection clause should be given *controlling weight* in all but the most exceptional cases." *Id.* at 63 (emphasis added). In deciding transfer motions, courts consider not only "well-pleaded facts in the complaint," but also "affidavits or other appropriate evidence from the defendant." *Cent. States, Se. & Sw. Areas Pension Fund v. Reese Trucking, Inc.*, 2013 WL 1113205, at *1 (N.D. Ill. Mar. 15, 2013).

## IV.     ARGUMENT

Nessi brings claims under ERISA for herself and on behalf of a putative class, challenging the terms and administration of the Honeywell Plan. Because the Plan's valid forum-selection clause requires that claims like Nessi's be filed in the Western District of North Carolina, and because the public interest factors reinforce the propriety of transfer here, the Court should enforce the Plan's forum-selection clause and transfer this case.

**A.     The Plan's Forum-Selection Clause Requires Transfer to the Western District of North Carolina.**

To determine whether transfer is warranted, Section 1404(a) typically requires courts to examine private- and public-interest factors and to accord appropriate deference to the plaintiff's choice of forum. *Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357, 359–60 (7th Cir. 2022). But that "calculus changes" in two important respects when, as here, a valid forum-selection clause governs the dispute. *Atl. Marine*, 571 U.S. at 62–63. First, "the plaintiff's choice of forum merits no weight." *In re Mathias*, 867 F.3d at 731. Instead, "as the party defying the forum-selection clause," it is the plaintiff who "bears the burden of establishing that transfer . . . is *unwarranted*." *Atl. Marine*, 571 U.S. at 63 (emphasis added); *see also Kelley v. MailFinance Inc.*, 436 F. Supp. 3d 1136, 1140 (N.D. Ill. 2020) (recognizing that the plaintiff "bears a heavy burden" (cleaned up)). Second, absent a forum-selection clause, courts normally consider the parties' private interests in evaluating a transfer. But where a "motion to

transfer [is] based on a forum-selection clause," courts "should *not* consider arguments about the parties' private interests," because a "forum-selection clause is an agreed-upon predispute allocation of . . . the parties' . . . private interests." *In re Mathias*, 867 F.3d at 731 (emphasis added).

Accordingly, the Honeywell Plan's valid forum-selection clause should be enforced in this case unless Nessi can meet the heavy burden "of showing that public-interest factors *overwhelmingly* disfavor a transfer." *Atl. Marine*, 571 U.S. at 67 (emphasis added); *Pomerantz v. Int'l Hotel Co.*, 359 F. Supp. 3d 570, 580 (N.D. Ill. 2019). Nessi cannot satisfy this burden.

### 1. The Forum-Selection Clause Encompasses This Dispute.

As a preliminary matter, the broad language of the forum-selection clause clearly encompasses Nessi's claims. Over three years before Nessi filed this lawsuit, Honeywell changed the Plan's forum-selection clause to require that, "[e]ffective January 1, 2021, any action in connection with the Plan must be filed in the U.S. District Court for the Western District of North Carolina." Ponicall Decl., Ex. 3; *see also id.*, Exs. 4–7. This Court has described materially similar mandatory language as "broad." *Nulogy Corp. v. Menasha Packaging Co.*, 590 F. Supp. 3d 1141, 1145 (N.D. Ill. 2022), *aff'd in part, rev'd in part on other grounds*, 76 F.4th 675 (7th Cir. 2023).

Nessi's suit is clearly "in connection" with the Plan because her ERISA statutory claims seek to (1) change the "Plan's [alleged] utilization of the outdated mortality table," (2) demonstrate Nessi's purported entitlement to documents associated with the Plan, and (3) "reform[ ] the Plan." Compl. ¶¶ 36, 66–76, 96. Nessi's breach-of-fiduciary-duty claim is also "in connection" with the Plan. She asserts that the Plan's fiduciaries breached their "fiduciary responsibility *to administer the Plan*," resulting in her being "deprived of rights protected by the terms of the Plan." *Id.* ¶ 105, 107 (emphasis added). The only reason any defendants would owe Nessi a fiduciary duty with respect to the Plan is if the Plan created such a duty. *Kelley*, 436 F. Supp. 3d at 1144 (rejecting

the argument that breach-of-fiduciary-duty ERISA claims "do[ ] not originate from" an ERISA plan because such "claim[s] would not exist absent" the plan). In short, Nessi's suit concerning the Plan is clearly encompassed by the Plan's forum-selection clause.

### 2. The Forum-Selection Clause Is Valid.

The forum-selection clause is also unquestionably valid. A forum-selection clause is "presumptively valid and enforceable" unless one of three circumstances is true:

> (1) [I]ts incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) its enforcement would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.

*AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. 2001) (cleaned up). The "party seek[ing] to escape such a clause . . . has the heavy burden of proving that the clause is unreasonable for one of [the] three reasons." *Coleman v. Supervalu, Inc. Short Term Disability Program*, 920 F. Supp. 2d 901, 905 (N.D. Ill. 2013). Nessi cannot meet that burden on any factor.

First, there is no basis to claim any fraud or overreach in the adoption of the forum-selection clause. The standard for invalidation is high; "general claims of fraud do not suffice to invalidate the forum selection clause." *Doe v. Cultural Care, Inc.*, 2010 WL 3075711, at *4 (N.D. Ill. Aug. 3, 2010) (cleaned up). Here, there are no such claims. Nessi voluntarily became "a participant under the . . . Plan," which allowed Honeywell to unilaterally make amendments. Compl. ¶ 4; Ponicall Decl., Ex. 1 at 85–86.[2] And by opting to participate in that Plan, Nessi agreed to "file with the Plan Administrator . . . h[er] post office address" and agreed that "[a]ny communication"

---

[2] Nessi has asserted that she is governed by a Plan supplement that she contends may affect the validity of the forum-selection clause amendments. But that supplement (which is attached as Exhibit 11 to the Ponicall Declaration) has no application to the validity of the Plan amendments and no application to Plaintiff because, among other reasons, it applies only to Plan participants who were employed by Honeywell in 2016 or later. *See* Ponicall Decl. ¶ 23 & Ex. 11.

addressed to that address "shall bind [her], for all purposes of this Plan." Ponicall Decl., Ex. 1 at 67. Honeywell did not fraudulently "induce[ ] [Nessi] to agree to" the Plan. *Double Z Enters. v. Gen. Mktg. Corp.*, 2000 WL 970718, at *3 (Del. Super. Ct. June 1, 2000). Nor did it disguise its amendments; to the contrary, it sent Nessi mailings on an annual basis informing and reminding her of the forum-selection clause designating the Western District of North Carolina as the required venue for any claims in connection with the Plan. Ponicall Decl. ¶ 9; *see also id.*, Exs. 4–7.

Overreach is similarly absent. Forum-selection clauses in ERISA plans are "presumptively valid even in the absence of arm's-length bargaining," so Nessi must show more than that to prove overreach. *In re Mathias*, 867 F.3d at 731. If the law were otherwise—and participants had to have a seat at the bargaining table for forum-selection clauses to be valid—that would effectively invalidate all ERISA forum-selection clauses because ERISA plan participants do not typically bargain for provisions in their plans. Such a result would directly flout Seventh Circuit precedent holding that forum-selection clauses are enforceable. *Id.*

In conferring regarding this motion, Nessi's counsel pointed to *Mezyk v. U.S. Bank Pension Plan*, 2009 WL 3853878 (S.D. Ill. Nov. 18, 2009), and suggested that Nessi may oppose transfer by arguing that the repeated notifications she received from the Plan concerning the forum-selection clause were somehow inadequate. But *Mezyk* is factually inapposite to this case in material respects. The court in *Mezyk* declined to enforce an ERISA plan's forum-selection clause, concluding it was the product of "fraud" or "overreaching" because the clause was "not reasonably communicated to" the plaintiffs. *Id.* at *3. The forum-selection clause in *Mezyk* was "added to the Plan on January 1, 2009" and the plaintiffs filed suit "on May 21, 2009." *Id.* at *4. In those five months, the plaintiffs "were not notified of the amendment," and there was "no question" that the clause was not "reasonably communicated to the plaintiffs." *Id.* The defendants did not

contend otherwise, arguing only that the clause should nonetheless be enforced.

Here, in contrast, Nessi received repeated notifications, on at least an annual basis, that Honeywell had adopted a forum-selection clause mandating she bring any claims in the District of New Jersey (from 2017–2020), and later that the Plan's venue provision had been amended to require that she bring claims in the Western District of North Carolina (since 2021). Specifically, Honeywell mailed annual funding notices to Plan participants and beneficiaries, and, as an insert to that mailing, provided summaries of plan changes and administrative reminders detailing key plan amendments from the previous year together with important reminders concerning the presence of the forum-selection clause. Ponicall Decl. ¶¶ 8–9, 16–19, 22; *see also id.*, Exs. 4–7, 10. These notifications were more than sufficient to put Nessi on notice of the Plan's venue restrictions. *See Heil v. Midwest Operating Eng'rs Health & Welfare Fund*, 1993 WL 226303, at *5 (N.D. Ill. June 24, 1993) (plaintiff had failed to show defendant's procedure for notifying him of plan amendments was deficient where he was sent notices of plan changes); *see also, e.g.*, *Smith v. Aegon USA, LLC*, 770 F. Supp. 2d 809, 812 (W.D. Va. 2011) (enforcing forum-selection clause that was "reasonably communicat[ed]" to plaintiff in "Summaries of Material Modifications, which were made available to all participants"); *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 860 (N.D. Cal. 2010) (enforcing forum-selection clause where it was "explained on [a] benefits website—to which [] Plan participants are directed for benefits information").

The length of time for which the Honeywell Plan has had a forum-selection clause further distinguishes *Mezyk*. As another court noted in a similar case, the "short time-frame" in *Mezyk* was critical to the failure of notice in that case. *Feather v. SSM Health Care*, 216 F. Supp. 3d 934, 942 (S.D. Ill. 2016). In contrast, where a plaintiff "had more than seven years" to read the plan's

forum-selection provisions "before filing suit," *Mezyk* was inapplicable. *Id.* So too here; Nessi had years to familiarize herself with the Plan's forum-selection provisions before filing suit.

Even where notice is disputed, the weight of authority now holds that "advance notice of [ ] forum selection clauses" in ERISA plans is unnecessary. *Feather*, 216 F. Supp. 3d at 942 & n.5. Indeed, courts routinely find that forum-selection clauses are valid even when the plan at issue allows the administrator to "unilaterally amend the plan[ ]" and the administrator does so pursuant to an established amendment procedure—*regardless of whether the objecting party had notice of the amendment. See, e.g., id.*[3] To most courts, a plan participant's lack of notice "is not relevant to determining whether the provision was freely negotiated and enforceable." *Conte v. Ascension Health*, 2011 WL 4506623, at *2 (E.D. Mich. Sept. 28, 2011); *see also Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.'s Employee Ben. Plan*, 2010 WL 481420, at *2 (D. Ariz. Feb. 8, 2010) ("Forum selection clauses in ERISA cases may be upheld even where the plan participant originally had no knowledge of the clause.").[4]

Finally, Nessi cannot show that transfer to another federal court would be so exceptional as to implicate either of the last two means of overcoming a forum-selection clause. Specifically,

---

[3] *See also, e.g., Cent. States*, 2007 WL 625430, at *3 (enforcing unilaterally amended forum-selection clause in ERISA action where participant agreed to be "bound by all of the actions of the Trustees," which resulted in the clause (cleaned up)); *Conte*, 2011 WL 4506623, at *2 ("Ascension retained the right to amend, modify, or even terminate the plan at any time . . . . [T]his Court cannot find that the forum selection clause was obtained by fraud, duress, or other unconscionable means simply because it was unilaterally added to the LTD Plan allegedly without notice to Plaintiff." (cleaned up)); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2015 WL 12733443, at *14 (C.D. Cal. Apr. 10, 2015) (no notice required "because, even though the beneficiaries of the plan may not have had notice of the forum selection clause, the employer, who negotiated the plan, did have notice of the clause and the ability to reject the contract" (cleaned up)); *cf. Melissa's Tr. v. Seton*, 2014 WL 3811241, at *7 (N.D. Ill. July 31, 2014).

[4] Unsurprisingly, some courts have thus rejected the reasoning of *Mezyk*—which predates *In re Mathias*—outright. *See Testa v. Becker*, 2010 WL 1644883, at *6 (C.D. Cal. Apr. 22, 2010) ("[W]e expressly disagree with the court in *Mezyk* . . . . Though the reasoning is somewhat conclusory, *Mezyk* appears to rest at bottom on the long-rejected notion that [forum-selection clauses] in form or adhesion contracts are per se unenforceable."); *see also Williams v. CIGNA Corp.*, 2010 WL 5147257, at *3 (W.D. Ky. Dec. 13, 2010).

litigation in the Western District of North Carolina will not "deprive[] [Nessi] of h[er] day in court" as that forum is eminently capable of handling ERISA disputes. *Kelley*, 436 F. Supp. 3d at 1143 (cleaned up). And the Seventh Circuit has already foreclosed the argument that forum-selection clauses contravene ERISA's policy goals, recognizing that forum-selection clauses "are consistent with the broader statutory goals of ERISA" because they "promote uniformity in plan administration and reduce administrative costs." *In re Mathias*, 867 F.3d at 733.[5]

In short, Honeywell's decision to require litigation regarding its retirement plan to occur in the federal district where the company is located is reasonable and permissible. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). Thus, the Court should not deviate from the strong presumption in favor of enforcing forum-selection clauses and should transfer this case to the Western District of North Carolina.

## B. The Public-Interest Factors Favor Transfer.

Because a "valid forum-selection clause should be given controlling weight in all but the most exceptional cases," the existence of such a clause here should be the end of the matter. *See Atl. Marine*, 571 U.S. at 63 (cleaned up). But the public interest-factors also favor transfer. *See In re Mathias*, 867 F.3d at 731 (where a valid forum-selection clause controls, "a district court may consider arguments about public-interest factors," but those "factors will rarely defeat a transfer to the contractually chosen forum"). These factors are "(1) the administrative difficulties stemming from court congestion; (2) the local interest in having localized disputes decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law

---

[5] ERISA requires that any action be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Here, the Plan is administered in, and Honeywell resides in, North Carolina, so the forum-selection clause properly "chooses from among the venue options listed in § 1132(e)(2)." *In re Mathias*, 867 F.3d at 733–34.

that must govern the action; (4) the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty." *Instituto Mexicano*, 29 F.4th at 360. For the public-interest factors to invalidate a forum-selection clause, they must "overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 67. The factors *favor* transfer here.

First, to determine the presence of administrative difficulties flowing from court congestion, "what is important is the speed with which a case can come to trial and be resolved." *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d 951, 958 (7th Cir. 2007). To measure that, courts often compare the time-to-trial statistics between the two venues as reported in the "U.S. District Court – Judicial Caseload Profile." *Lazaro v. BNSF Ry. Co.*, 2023 WL 6049923, at *5 (N.D. Ill. Sept. 15, 2023) (citing "the median time for civil cases to go to trial"); *Dewsbury v. Bimeda Inc.*, 2024 WL 1254222, at *7 (N.D. Ill. Mar. 25, 2024) (same). Here, as measured in March 2024, the median time from filing to trial is 27.0 months in the Western District of North Carolina and 55.4 months in this District.[6] Because cases get to trial twice as fast in the Western District of North Carolina, the court-congestion factor strongly favors transfer.

Second, the local-interest factor favors transfer to the Western District of North Carolina. "Any local interests involved in [a] case are [] limited" where the plaintiff "intends to pursue a nationwide class action." *Creighton v. Metlife, Inc.*, 2015 WL 5081600, at *2 (N.D. Ill. Aug. 27, 2015). Here, Nessi seeks to represent a nationwide class, minimizing the importance of any purported local interest on the plaintiff side. Compl. ¶ 80.

In any event, Nessi does not provide any allegations that show a local interest in Illinois.

---

[6] *U.S. District Court — Judicial Caseload Profile, March 2024*, https://www.uscourts.gov/file/78884/download (last visited Sep. 10, 2024).

Nessi mentions Illinois only once in her complaint, stating that the Plan "is administered in the Northern District of Illinois" and that she worked "in this District" more than thirty years ago. Compl. ¶ 2. On that first point, Nessi is simply wrong: The Plan is *not* administered in Illinois; it is administered in Charlotte, North Carolina. Ponicall Decl. ¶¶ 6–7. The Plan Administrator, Clifford Kenyon, and those who work primarily on the Plan, reside in the Western District of North Carolina and work out of Honeywell's Charlotte headquarters. *Id.* ¶ 7. Honeywell maintains Plan records at its Charlotte headquarters and relies on a third-party recordkeeper, Conduent, with employees in New Jersey, New York, Arizona, Kentucky, Virginia, and Florida to assist in administering the Plan. *Id.* ¶¶ 10–11. None of those employees works in Illinois. *Id.* ¶ 11. In fact, when Nessi herself sent a letter to the "Plan Administrator of the Honeywell Retirement Earnings Plan," she did so at an address in "Charlotte, NC." Ponicall Decl., Ex. 8 (Oct. 23, 2023 Letter). Accordingly, as Nessi recognized, the Plan is administered in North Carolina—not Illinois. *J & L Mgmt. Corp. of Ohio v. Arcelormittal Wierton, Inc.*, 2008 WL 5082980, at *1 (N.D. Ill. Nov. 25, 2008) (for a transfer motion, a court need not accept a complaint's allegations if "they are contradicted by affidavits or other appropriate evidence from the defendant").

Nessi's second point—that she previously worked in Illinois—is irrelevant. This suit is about the manner in which the Plan calculates Nessi's JSA benefits, not about her underlying work in Illinois nearly 40 years ago. Further, Nessi does not allege that she currently resides in Illinois, and her most recent correspondences with Honeywell listed her return address in Bremen, Ohio. Ponicall Decl., Ex. 8. Accordingly, Nessi has not shown a local interest in Illinois.

In contrast, there is a strong local interest in adjudicating this case in North Carolina. As noted, the Plan is administered in North Carolina. Further, a state has a "substantial interest" in a suit when "one of its corporations is the subject of a class action that literally spans all 50 states."

13

*Billings v. Ryze Claim Sols., LLC*, 2018 WL 2762117, at *15 (E.D. Cal. June 8, 2018) (transferring a case to the Southern District of Indiana); *Warwick v. Schneider Nat'l, Inc.*, 2020 WL 5891407, at *7 (N.D. Ill. Oct. 5, 2020) ("Defendants are headquartered in Wisconsin, meaning there is a local interest in having this controversy decided in Wisconsin."). Accordingly, this factor favors transfer to the Western District of North Carolina.

The other three factors are neutral. This is not a diversity case, so there is no "interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. at 62 n.6. Instead, this case involves primarily federal law issues. As a result, neither this Court nor the Western District of North Carolina would face any unique trouble with "conflicts of laws" or "the application of foreign law." *Instituto Mexicano*, 29 F.4th at 360 (cleaned up). And because no jury would be impaneled in this case, the suit would not burden the citizens of either district with jury duty. *McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 576 (7th Cir. 2007).

In sum, for the public-interest factors to defeat transfer, Nessi would need to show a "serious and unusual situation" that warranted setting aside the valid forum-selection clause. *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 712 (7th Cir. 2020) (collecting cases). But the public-interest factors all favor transfer or are neutral. Because this is "a very ordinary" action "for purposes of the federal transfer statute," Nessi cannot meet her heavy burden to show that the Plan's forum-selection clause should not be enforced. *Id.* at 711 (cleaned up).

**C.    Even Absent the Forum-Selection Clause, Transfer Is Warranted.**

As noted, a transfer analysis normally requires courts to examine private- and public-interest factors. *Instituto Mexicano*, 29 F.4th at 359–60. But when a valid forum-selection clause controls a dispute, the court "should *not* consider arguments about the parties' private interests." *In re Mathias*, 867 F.3d at 731 (emphasis added). But even if the Plan's forum-selection clause did not exist, permitting consideration of private-interest factors, transfer would still be warranted.

14

The private-interest factors are "(1) the plaintiff's choice of forum; (2) ease of access to proof; (3) the convenience to the witnesses and parties; and (4) the situs of material events." *Fahy v. Minto Dev. Corp.*, 2024 WL 1116050, at *4 (N.D. Ill. Mar. 14, 2024). Each factor is either neutral or favors transfer to the Western District of North Carolina.

On the first factor, Nessi's choice of forum is entitled to no weight. The complaint provides no allegation about where Nessi resides and her most recent address is in Ohio. *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017) ("[T]he Court gives Plaintiff's choice little weight because she is not a resident of this District and few material events have occurred here."). In any event, "courts greatly discount the weight given to a plaintiff's choice of forum in putative class actions, particularly when a nationwide class is alleged." *Kahn v. Target Corp.*, 2023 WL 2306940, at *2 (N.D. Ill. Mar. 1, 2023).

The second, third, and fourth factors favor the Western District of North Carolina. Concerning ease of access to evidence, Honeywell maintains Plan records at its Charlotte headquarters—it does not maintain those records in Illinois. Ponicall Decl. ¶ 10. Concerning witnesses, the Plan Administrator, along with many Honeywell employees who help administer the Plan, work in North Carolina—not Illinois. *Id.* ¶ 7. Concerning the situs of material events, Plan administration occurs in North Carolina—not Illinois. *Id.* ¶¶ 6–7. And the communications between Nessi and Honeywell occurred between Ohio and North Carolina—not Illinois. *E.g.*, Ex. 8. In short, the situs of material events occurred in, and the witnesses and evidence are thus located in, the Western District of North Carolina.

## V. CONCLUSION

The Court should enforce the Plan's valid forum-selection clause and transfer this case to the Western District of North Carolina.

Dated:  September 11, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:      /s/ *Ashley E. Johnson*

Karl G. Nelson
Ashley Johnson
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
KNelson@gibsondunn.com
AJohnson@gibsondunn.com

*Attorneys for Honeywell Retirement Earnings Plan*
*and Honeywell International Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Karl G. Nelson, an attorney, hereby certify that, on September 11, 2024, I electronically filed with the Northern District of Illinois – Eastern Division, via the Court's CM/ECF system, the foregoing Memorandum of Law in Support of Defendants' Motion to Transfer, which caused it to be served upon the following counsel of record:

Susan Martin
Jennifer Kroll
Michael Licata
Martin & Bonnett, P.L.L.C.
4647 N. 32nd St, Suite 185
Phoenix, AZ 85018
smartin@martinbonnett.com
jkroll@martinbonnett.com
mlicata@martinbonnett.com

Caryn C. Lederer
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
clederer@hsplegal.com

*Counsel for Plaintiffs*

*/s/ Ashley E. Johnson*