# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINETTE NESSI, individually and on behalf of similarly situated individuals, | Case No.: 24-cv-6093 |
| Plaintiff, | Hon. Matthew F. Kennelly |
| v. | |
| HONEYWELL RETIREMENT EARNINGS PLAN; HONEYWELL INTERNATIONAL, INC.; JOHN DOE AND JANE DOE 1-10, | |
| Defendants. | |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE: VENUE

# TABLE OF CONTENTS

I.  Introduction ...................................................................................................... 1

II.  Burden of Proof on Dismissal for Filing in the Wrong Venue ................................ 1

III.  Facts Establishing Venue is Proper in this District.............................................. 2

IV.  Argument............................................................................................................. 6

  A.  By moving for transfer under § 1404(a) Defendants consented to venue, conceded they may be found in this District and waived any claim that this District is the wrong venue.. 6

  B.  Venue is proper under ERISA. ....................................................................... 8

    1.  The Plan is administered in this District. .................................................... 9

    2.  ERISA's venue provision is satisfied because Defendants "may be found" in this District................................................................................................... 10

      a) Defendants are found in this District under the test for specific personal jurisdiction................................................................................................ 10

      b) Defendants are found in this District under the test for general personal jurisdiction................................................................................................ 13

  C.  Venue is also appropriate under the federal venue statute, 28 U.S.C. § 1391(b) ........ .....14

V.  Conclusion......................................................................................................... 15

# TABLE OF AUTHORITIES

## Cases

*Altman v. Liberty Equities Corp.*,
    322 F. Supp. 377 (S.D.N.Y. 1971) ................................................................................................ 8

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
    571 U.S. 49 (2013) ........................................................................................................................ 7

*Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*,
    502 F.3d 740 (7th Cir. 2007) ........................................................................................................ 8

*B.D. by & through Myer v. Samsung SDI Co.*,
    91 F.4th 856 (7th Cir. 2024) ........................................................................................................ 11

*Batton v. Nat'l Ass'n of Realtors*,
    No. 21 C,430,2024 WL 4871366 (N.D. Ill. Nov. 22, 2024) .......................................................... 2

*BNSF Ry. Co. v. Tyrrell*,
    581 U.S. 402 (2017) .................................................................................................................... 14

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*,
    582 U.S. 255 (2018) ............................................................................................................ 11, 13

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) .................................................................................................................... 13

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ............................................................................................................ 10, 14

*Dutch Valley Growers, Inc. v. Rietveld*,
    314 F.R.D. 293 (N.D. Ill. 2016) .................................................................................................... 2

*Esposito v. Airbnb Action, LLC*,
    538 F. Supp. 3d 844 (N.D. Ill. 2020) ............................................................................................ 8

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021) ............................................................................................................ 10, 11

*Garcia-Tatupu v. Bert Bell/Peter Rozelle NFL Player Ret. Plan*,
    249 F. Supp. 3d 570 (D. Mass. 2017) ........................................................................................ 12

*Garg v. Winterthur*,
    525 F. Supp. 2d 315 (E.D.N.Y. 2007) ........................................................................................ 12

*Great W. Min. & Min. Co. v. ADR Options, Inc.*,
    434 F. App'x 83 (3d Cir. 2011) .................................................................................................... 2

*Hathorne v. Health Benefits Plan for the Emps. of Booker Packing Co.*,
No. SA-07-CV-178-WRF, 2007 WL 9706320 (W.D. Tex. Aug. 21, 2007) ............................................ 9

*Haughton v. Plan Adm'r of Xerox Corp. Retirement Income Guarantee Plan*,
2 F.Supp.3d 928 (W.D.La. 2014) ............................................................................................................ 9

*Hutcheson v. Comm'r of Internal Revenue*,
T.C.M. (RIA) 2025-001 (T.C. 2025) ...................................................................................................... 9

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945) ............................................................................................................................... 10

*Macdonald v. Assocs. for Restorative Dentistry Ltd. Pension Plan*,
No. 2:16-CV-168-TLS, 2016 WL 4506872 (N.D. Ind. Aug. 29, 2016) ................................................ 14

*Mallory v. Norfolk S. Ry. Co.*,
600 U.S. 122 (2023) ............................................................................................................................... 14

*Melichar v. Blue Cross & Blue Shield of Kansas, Inc.*,
309 F. Supp. 3d 719 (D. Neb. 2018) ...................................................................................................... 10

*Nagle v. The Hartford Life & Accident Ins. Co.*,
No. 15-CV-6073, 2015 WL 9268420 (N.D. Ill. Dec. 21, 2015) ............................................................ 13

*Norton v. Bridges*,
712 F.2d 1156 (7th Cir. 1983) ............................................................................................................... 10

*Ramsom v. Admin. Comm. for Lightnet/WTG Special Income Prot. Program*,
820 F. Supp. 1429 (N.D. Ga. 1993) ....................................................................................................... 12

*Rodgers-Rouzier v. Am. Queen Steamboat Operating Co., LLC*,
104 F.4th 978 (7th Cir. 2024) ................................................................................................................. 8

*Rodolff v. Provident Life & Acc. Ins. Co.*,
No. 01-CV-0768H(AJB), 2001 WL 34083814 (S.D. Cal. Aug. 23, 2001) ....................................... 13, 14

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
No. 1:20-CV-04627, 2021 WL 843428 (N.D. Ill. Mar. 5, 2021) ........................................................... 14

*Savista, LLC v. GS Labs, LLC*,
No. 23 C 6445, 2024 WL 1050159 (N.D. Ill. Mar. 11, 2024) ............................................................... 15

*Seitz v. Bd. of Trustees of the Pension Plan of the New York State Teamsters Conf. Pension & Ret. Fund*,
953 F. Supp. 100 (S.D.N.Y. 1997) ......................................................................................................... 12

*Society of Lloyd's v. Carter*,
No. Civ. 02–452–M, 2003 WL 1191399 (D.N.H. Mar. 14, 2003) .......................................................... 8

*Stickland v. Trion Grp., Inc.*,
463 F.Supp.2d 921 (E.D. Wis. 2006) ..................................................................................................... 12

iii

*Turner v. CF&I Steel Corp.,*
   510 F. Supp. 537 (E.D. Pa. 1981) ........................................................................... 13

*Varsic v. United States Dist. Court,*
   607 F.2d 245 (9th Cir. 1979) ...........................................................................10, 14

*Verizon Emp. Benefits Comm.v. Jaeger,*
   No. CIV.A3:05CV1860L, 2006 WL 2880451 (N.D. Tex. Sept. 28, 2006) ........................... 9

*Vernon v. Elberson*, No. 22 C,
   4890, 2024 WL 216665 (N.D. Ill. Jan. 20, 2024) ............................................... 15

*Waeltz v. Delta Pilots Retirement Plan,*
   301 F.3d 804 (7th Cir. 2002) ...........................................................................10, 12

*Walker v. Bank of Am., N.A.,*
   No. 21-CV-03589, 2024 WL 4347111 (N.D. Ill. Sept. 30, 2024) ...........................14, 15

*Wallace v. Am. Petrofina, Inc.,*
   659 F. Supp. 829 (E.D. Tex. 1987) ........................................................................ 9

*Wendt v. Handler, Thayer & Duggan, LLC,*
   613 F.Supp.2d 1021 (N.D. Ill. 2009) ..................................................................... 2

## Statutes

28 U.S.C. § 1391 ................................................................................................... *passim*

28 U.S.C. § 1404 ...........................................................................................1, 7, 8

28 U.S.C. § 1406 ......................................................................................... 1, 2, 7, 8

29 U.S.C. § 1103 ..................................................................................................... 4

29 U.S.C. § 1132 ...........................................................................................1, 6, 9

## Rules

Fed. R. Civ. P. 12(b)(3) ............................................................................................ 2

## Other Authorities

14D Richard Freer, *Federal Practice and Procedure (Wright & Miller)* (4th ed. June 2024 update) ...........8, 14

Plaintiff submits this response to the Court's Order to Show Cause regarding venue, (Doc. 38).

## I.    Introduction

Defendants filed a motion to transfer venue under 28 U.S.C. § 1404(a) -- not under 28 U.S.C. § 1406. Doc. 23. Plaintiff filed a response on Oct. 18, 2024 and with leave of Court submitted a surreply on Nov. 9, 2024. Docs. 29, 35. Plaintiff is not repeating any argument contained in the prior briefing. Following a status conference on Jan. 7, 2025, the Court directed Plaintiff to show cause why the case should not be dismissed or transferred for **improper** venue.[1] Doc. 38. As set forth below, administration of the Honeywell Retirement Earnings Plan ("Plan") and Defendants' significant presence, contacts, acts and omissions related to Plaintiff's claims are so well established in Illinois and this District that this action meets every prong of the applicable venue statutes, ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b). Illinois and this District have both specific and general personal jurisdiction over Defendants. Venue is proper because: 1) the Plan is administered in this district; 2) Defendants are found in this District and have conceded that fact or waived any assertion to the contrary; 3) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and 4) the breach can be determined to have occurred in this District.

## II.    Burden of Proof on Dismissal for Filing in the Wrong Venue

Both prior and subsequent to Defendants' motion to transfer venue (in a request for a second extension of time to answer and in the parties' joint status report), Defendants expressed an intent to file a 12(b)(6) motion for failure to state a claim but made no mention of Rule 12(b)(2) or Rule 12(b)(3). *See* Docs. 20 and 24. While any motion under Rule 12(b)(6) would be meritless, there is no colorable

---

[1] While extensive facts establishing proper venue were well known and obvious to Plaintiff (and apparently to Defendants given the absence of any § 1406 challenge), upon review, Plaintiff agrees that the facts concerning venue could have been more explicit and that the Complaint did not explain all of the applicable grounds for venue as now presented here.

basis to contest venue under Rule 12(b)(3) or § 1406.

"Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant. …As such, it is not necessary for the plaintiff to include allegations in his complaint showing that venue is proper." *Great W. Min. & Min. Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86–87 (3d Cir. 2011) (citations omitted). "When considering a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the court assumes the truth of a plaintiff's allegations, unless they are contradicted by a defendant's affidavits. *Dutch Valley Growers, Inc. v. Rietveld*, 314 F.R.D. 293, 295 (N.D. Ill. 2016). As with disputes over jurisdiction, a plaintiff need only make a prima facie showing. *Batton v. Nat'l Ass'n of Realtors*, No. 21 C 430, 2024 WL 4871366, at *2 (N.D. Ill. Nov. 22, 2024). "The Court may examine facts outside the complaint, takes all the allegations in the complaint as true, and draws all reasonable inferences in favor of plaintiff." *Wendt v. Handler, Thayer & Duggan, LLC*, 613 F.Supp.2d 1021, 1027 (N.D. Ill. 2009).

### III.    Facts Establishing Venue is Proper in this District

This matter arises out of Plaintiff's rights and Defendants' obligations under ERISA and the defined benefit pension plan established and maintained by Plaintiff's former employer UOP, a corporation that since 1921 and continuing through today has maintained its principal place of business in this District. *See* Declaration of Jennifer Kroll in Support of Plaintiff's Response to Order to Show Cause ("Kroll Decl.") Exs. 8, 11. Defendant Honeywell, the corporate entity named as a Plan administrator and fiduciary, is a successor administrator and the current parent corporation of UOP and has maintained systematic and continuous contact with Illinois and this District through a multiplicity of businesses and activities including through maintaining and administering the UOP plan along with the defined benefit plans of several other acquired, merged or affiliated companies or companies established by Honeywell covering employees in Illinois that merged into the Plan or into predecessor plans that later merged into the Plan. Kroll Decl. Exs. 6, 12, 13, 14. Thousands of current

Plan participants including current and former employees of UOP live in this District. *See* Doc. 23-1 at ¶5.

For decades, the salaried employees of UOP accrued benefits under defined benefit plans sponsored by UOP. *See* 2023 5500 Kroll Decl. Ex. 14 (History of UOP Plan in Summary of Plan Provisions, p. 75/83). Defendant Honeywell along with its subsidiaries and predecessor companies funds those benefits and has a continuing obligation to provide the benefits promised under the Plan as required by ERISA. Kroll Decl. Ex. 14. Defendants' obligations and Plaintiff's rights under ERISA with respect to the UOP plan arose in this District and the fact that Plaintiff's retirement benefits (along with the retirement benefits of thousands of participants) were earned and continue to be paid in this District. *Id;* Nessi Decl. ¶¶3-4.

In addition, this District has been and continues to be the situs of multiple activities constituting plan administration performed by Illinois based organizations that carry out the Plan's administrative and fiduciary responsibilities including managing and processing retirement applications, calculating and determining the benefits to be offered and paid to participants upon retirement, communicating to employees and retirees with respect to the Plan, and processing and paying Plan benefits. In this regard, the Lincolnshire, Illinois company, Alight Solutions, LLC, ("Alight") (formerly Hewitt Associates, LLC), a third party administrator is the entity that calculated Plaintiff's retirement benefits and provided Plaintiff with benefit election forms and other documents regarding retirement in December 2022. Nessi Decl. ¶¶7-9, 10, Exs. A, C; Kroll Decl. Exs. 7, 9. Alight, operating on behalf of the Plan in Illinois, confirmed Plaintiff's benefit amounts. Nessi Decl. ¶¶7-9, 10 & Ex. C. Alight was and is a domestic corporation incorporated in Illinois and its principal place of business is in Lincolnshire, Illinois, in this District. *See* Kroll Decl. Ex. 7. Although Defendants stated that beginning in 2023, they hired a new recordkeeper, Defendants continue to advise participants that Alight at its Illinois address is still playing a role in administering the Plan: Defendants'

current website invites retirees to send mailed inquiries to the "Honeywell Retiree Service Center" in Lincolnshire, Illinois. https://www.honeywell.com/us/en/employee-access/us-retirees#contact-us (last visited on Jan. 27, 2025). Nessi Decl. ¶8 & Ex. B. A link to the Retirement Plan's website continues to be accessible using an Alight link, http://digital.alight.com/honeywell. Clicking on this link provides a URL with the same Alight root address that Plaintiff used for electing her benefits. Nessi Decl. ¶8, Ex. C.

Additional administration of the Plan, and indeed, foundational administrative and fiduciary responsibilities – the collection and control of Plan assets and payment of Plan benefits – are located in this District through the Northern Trust Bank ("Northern Trust"), a custodial bank with its corporate headquarters in Chicago, Illinois, that for decades has served as the Plan's Trustee.[2] Kroll Decl. ¶2 & Exs. 1-3, 5-6. The Plan's assets including the contributions required from employers to fund benefits are received, held, and disbursed to investment managers and others by this Chicago based Trustee. *Id.* Northern Trust administers the payment of benefits to Plan participants including Ms. Nessi. Kroll Decl. Exs. 1-3; Nessi Decl. ¶14 & Exs. E-H. Northern Trust has served as Trustee to the Honeywell Master Retirement Trust and AlliedSignal, Inc. Master Pension Trust for decades and was the Trustee of the UOP Master Employee Trust beginning in 1978. Kroll Decl. ¶2 & Exs. 1-6. Ms. Nessi is able to view a history of Plan benefit payments and other information through a link with the Northern Trust logo in the "Benefit Payment Participant Web Passport" on the Plan's website. Nessi Decl. ¶14 & Exs. F, G. Logging in to the Northern Trust link allows participants like Ms. Nessi to view details regarding Plan benefits and payments, change their direct deposit information for Plan benefit payments and generate income tax forms. Nessi Decl. ¶14 & Exs. E-H. These are all part of the Plan's administrative responsibilities carried out by Illinois companies.

---

[2] *See* ERISA Section 403, 29 U.S.C. § 1103, requiring that all assets of an employee benefit plan must be held in trust and trustee must be appointed by a named fiduciary.

All of Plaintiff's benefits accrued through her employment in Des Plaines, Illinois. Nessi Decl. ¶¶3-4. Ms. Nessi lived in this District continuously until July 1, 2022, when she was 69 years old. Nessi Decl. ¶5. Following her UOP employment she contacted Alight through the Plan's website to check on and confirm her benefit calculations online. Nessi Decl. ¶6, 7, 10. In or around December 2022, Ms. Nessi applied online to retire. Nessi Decl. ¶¶7, 9. At that time Alight provided Ms. Nessi with the benefit amounts, options and online election information. Nessi Decl. ¶9 & Ex. C. On or about December 15, 2022, Ms. Nessi elected to commence her benefits, with a March 2023 retirement date, an election that was submitted to Alight through the website for the Plan. *Id.*. When Plaintiff began receiving benefits in April 2023, without notice or explanation, the Plan reduced the amount of Ms. Nessi's benefits as calculated and confirmed by Alight in December 2022. Nessi Decl. ¶¶10-12; Complaint ¶¶45, 48. When Plaintiff complained and attempted to determine the basis for the unilateral reduction in benefits, she was told that her benefit amount had been reduced below the promised amount because of purported mistakes made by the former administrator (Illinois based Alight). Nessi Decl. ¶¶12, 13 & Ex. D. In April 2023, Ms. Nessi was sent a message saying that the reduced amount was because "the amount ***the former administrator [i.e., Alight] had calculated*** was determined using an incorrect Joint and Survivor factor." Nessi Decl. ¶13 & Ex. D (emphasis supplied).

Although no discovery has taken place, the Plan's latest Form 5500 demonstrates that in addition to the UOP Plan, twenty-three (23) other defined benefit retirement plans were merged into the Plan including at least three additional plans covering employees of the Illinois-based Pittway Corporation, Honeywell's uranium processing plant in Metropolis, Illinois and Prestone Products Corporation, which had a manufacturing plant in Illinois. Kroll Decl. Ex. 14 at Summary of Plan Provisions pp. 71, 74, 75, 119, 124, 129. As Defendants have confirmed, there are more than 5,600 participants and/or beneficiaries under the Plan who currently reside in Illinois. *See* Ponicall Decl. Doc. 23-1 ¶5. The claims here seek to benefit all married Plan participants who have been harmed as

5

a result of Defendants' failure to provide actuarially equivalent joint and survivor retirement benefits.

From 1921 through the present, UOP and from at least 1997 to the present, Honeywell UOP, has maintained systematic and continuous connections with this District and this State including UOP's headquarters in this District and its McCook Illinois research and development laboratory. *See* A Revolution in Transportation, https://uop.honeywell.com/en/uop-history/a-revolution-in-transportation (last visited Jan. 22, 2025); Kroll Decl. Exs. 11 (UOP Honeywell article), 15 (google maps), 8, 10 (UOP and Honeywell UOP State of Illinois corporate filings and summaries). Honeywell UOP's principal place of business and headquarters continues to be in this District, in Rosemont, Illinois. Kroll Decl. Ex. 8. While Ms. Nessi was accruing benefits between 1977 and 1988, UOP and its designated officers were officially the "Plan Administrator," during which time UOP continued to have its headquarters in this District. Kroll Decl. Ex. 4 UOP Plan Section 9.1.

Further it appears that Honeywell carries on extensive business activities in this State. In addition to Honeywell UOP facilities in McCook, Des Plaines and Rosemont, Honeywell operates offices and/or facilities in Deer Park, Lincolnshire, Free Port, Rock Island and Metropolis. Kroll Decl. Ex. 15. Currently, Honeywell has posted over 30 job listings for positions in Illinois including positions in Des Plaines, Lincolnshire, Rosemont, McCook and Metropolis. Kroll Decl. ¶8 & Ex. 16. Honeywell has repeatedly availed itself of the rights and protections offered by Illinois State and federal district courts to enforce their contracts. *See* Kroll Decl. ¶9 & Ex. 17 summarizing numerous cases. UOP and Honeywell UOP's substantial connection with Illinois and purposeful availment of the privileges and protections of doing business in Illinois are likewise evidenced by the numerous lawsuits it filed in Illinois's state and federal courts, *inter alia*, to enforce the contracts in this State. *Id.*

## IV.    Argument

### A.  By moving for transfer under § 1404(a) Defendants consented to venue, conceded they may be found in this District and waived any claim that this District is the wrong venue.

The Complaint asserts that venue is proper under ERISA Section 502(e), 29 U.S.C. § 1132(e),

and 28 U.S.C. § 1391 and expressly asserts that the Plan is administered in this District and Defendants may be found in this District. Complaint ¶2. Although Defendants' motion seeking transfer under §1404 contains a footnote claiming that venue would be proper in North Carolina because the Plan is administered and Honeywell resides there, Defendants' motion did not dispute the Complaint's allegations that Defendants may be found in this District nor did they challenge Plaintiff's assertion that the Plan is administered in this District. Doc. 23 at 11 n.5. Defendants also did not challenge the multiple grounds for venue under 28 U.S.C. § 1391(b), an equally available basis for venue as alleged in the Complaint. The Supreme Court holds:

> When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).

Defendants only sought transfer under 28 U.S.C. § 1404. They did not seek transfer or dismissal under 28 U.S.C. § 1406. That statute provides in part:

> **(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
> **(b)** Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

Because Defendants appeared in the action and litigated a motion to transfer venue while never asserting that venue in this District is improper, they have conceded they may be found in this District, as expressly alleged in the Complaint. The law governing challenges to venue permits a motion under § 1404 where venue is proper in the filing district whereas a motion to transfer (or dismiss) asserting that venue is wrong, must be brought under § 1406. "They are mutually exclusive." 14D Richard Freer, *Federal Practice and Procedure (Wright & Miller)* § 3827 (4th ed. June 2024 update)

(hereafter "Wright & Miller"). *See Altman v. Liberty Equities Corp.*, 322 F. Supp. 377, 378–79 (S.D.N.Y. 1971) ("the failure to raise a venue objection within the context of a section 1404(a) motion constitutes waiver of that particular objection."); *Society of Lloyd's v. Carter*, No. Civ. 02–452–M, 2003 WL 1191399, *55 (D.N.H. Mar. 14, 2003) (defendants waived venue objection by filing a Rule 12 motion that requested a § 1404(a) transfer of venue but did not challenge venue as wrong) (citation omitted). *See also* Wright & Miller § 3829. By moving under § 1404 Defendants have conceded they are found in this District. As a judge of this Court explained:

> The venue question thus turns on whether this court has personal jurisdiction over Airbnb. A defendant may consent to personal jurisdiction, *see Heller*, 883 F.2d at 1290, and Airbnb essentially does so here by seeking a § 1404(a) transfer rather than a § 1406(a) transfer, Doc. 27 at ¶5. In so doing, Airbnb forfeited, if not waived, any argument that venue does not lie in this District.

*Esposito v. Airbnb Action, LLC*, 538 F. Supp. 3d 844, 850 (N.D. Ill. 2020) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1290 (7th Cir. 1989)). *See also* Wright & Miller § 3811.1 (explaining with respect to § 1391(c): "if an entity defendant waives its right to object to personal jurisdiction, it has ipso facto consented to venue under this statute. It is, after all, 'subject to personal jurisdiction with respect to the civil action in question.'") (citations omitted). Given Defendants' failure to object to personal jurisdiction or the applicability of Plaintiff's asserted grounds for venue, they have effectively conceded that venue and personal jurisdiction are satisfied in this District. *Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 745–746 (7th Cir. 2007) (district court erred in dismissing action sua sponte due to wrong venue because defendant waived its right to assert wrong venue by moving for summary judgment without raising venue defense) (citing Wright & Miller) (abrogated on other grounds *Rodgers-Rouzier v. Am. Queen Steamboat Operating Co., LLC*, 104 F.4th 978, 984 (7th Cir. 2024)). *See also* Wright & Miller § 3829 (court should not raise issue where a defendant waived a venue objection).

## B. Venue is proper under ERISA.

Venue is proper under ERISA's venue provision which provides that an ERISA action may be brought in any district court of the United States where "the plan is administered, where the breach took place, or where defendant resides or maybe found." 29 U.S.C. 1132(e)(2).

1. **The Plan is administered in this District.**

Defendants established and maintained the UOP Plan at the center of this dispute in Illinois and Plaintiffs' rights are to be determined under the Plan as it existed at the time she left employment in Illinois. Under ERISA, plan administration involves multiple tasks. *See, e.g., Hutcheson v. Comm'r of Internal Revenue*, T.C.M. (RIA) 2025-001 (T.C. 2025) (" A plan administrator is responsible for a plan's administrative tasks such as enrolling new participants, processing distributions, and completing reporting and disclosure requirements."). In *Wallace v. Am. Petrofina, Inc.*, 659 F. Supp. 829, 831 (E.D. Tex. 1987), the court denied a motion to transfer venue finding that a plan can be administered in multiple districts including in the district where "initial decisions as to the amount of benefits to be paid to respective retirees" were made. *See also Hathorne v. Health Benefits Plan for the Emps. of Booker Packing Co.*, No. SA-07-CV-178-WRF, 2007 WL 9706320, at *3 (W.D. Tex. Aug. 21, 2007) ("Because multiple districts may administer a plan, and there are two districts making decisions in this case, venue should be available in both districts."); *Verizon Emp. Benefits Comm. v. Jaeger*, No. CIV.A.3:05CV1860L, 2006 WL 2880451, at *4 (N.D. Tex. Sept. 28, 2006) (venue appropriate in district where "[r]esponsibility for day-to-day administration of the Plan …has been delegated … to the pension administration department …" in district); *Haughton v. Plan Adm'r of Xerox Corp. Retirement Income Guarantee Plan,* 2 F.Supp.3d 928 (W.D.La. 2014) (some evidence that the plan was at least partially administered in the transferee district established venue under ERISA venue provision).

As set forth at pp. 3-7, *supra*, at the time of her retirement, the Plan's Illinois-based administrator, Alight, calculated Plaintiffs' benefits, and confirmed the form and amount of her benefits. Defendants used an Illinois service provider to communicate with participants and

Defendants continue to advise participants that they may contact the Retiree Service Center, directing participants to a Lincolnshire, Illinois address if they have questions. The Plan is also administered through the activities of Plan Trustee, Northern Trust, that pays Plan benefits and oversees and manages recordkeeping and benefit payments under the Plan. Venue is appropriate: "When trust assets are held by an institutional trustee, the state in which that institution is located is generally considered the place of administration of the trust." *Norton v. Bridges*, 712 F.2d 1156, 1161 (7th Cir. 1983).

Given that Defendants have acknowledged that thousands of Plan participants reside in this State, many of whom, upon information and belief, are putative class members, and given that benefit payments are made to Plaintiff and other participants from this State, the Court may also find that venue is proper under Section 502(e) because the breach took place in this District. *See Melichar v. Blue Cross & Blue Shield of Kansas, Inc.*, 309 F. Supp. 3d 719, 722–24 (D. Neb. 2018) (citing cases).

## 2. ERISA's venue provision is satisfied because Defendants "may be found" in this District.

Defendants are found in this District pursuant to ERISA's venue provision because under both a specific and general personal jurisdiction analysis, Defendants satisfy the minimum contacts tests under *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny. *See Waeltz v. Delta Pilots Retirement Plan*, 301 F.3d 804, 810 (7th Cir. 2002); *Varsic v. United States Dist. Court,* 607 F.2d 245, 248 (9th Cir. 1979). In order for a defendant to have minimum contacts with a jurisdiction, the controversy must either relate to or arise out of a defendant's contacts with the district (specific jurisdiction) or there must be sufficient contacts between the state and foreign defendant (general jurisdiction). *See Daimler AG v. Bauman*, 571 U.S. 117, 126-130 (2014) (citation omitted).

### a) Defendants are found in this District under the test for specific personal jurisdiction.

For a court to have specific personal jurisdiction over an out of state defendant, the suit must "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (citation omitted). As the Seventh Circuit recently reiterated:

"for specific personal jurisdiction, there must be: (1) purposeful availment—the defendant must have purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the forum; (2) relatedness—the alleged injury must arise out of or relate to the defendant's forum-related activities; and (3) fairness—the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *B.D. by & through Myer v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024). In *Ford*, where the plaintiffs were injured in vehicles purchased outside the states where the lawsuits were brought, the Court held that Montana and Minnesota courts had jurisdiction over Ford because their resident plaintiffs "allege[d] that they suffered in-state injury because of defective products that Ford extensively promoted, sold, and serviced in Montana and Minnesota[]" and accordingly "the 'relationship among the defendant, the forum[s], and the litigation'—is close enough to support specific jurisdiction." 592 U.S. at 371. "Or put just a bit differently, 'there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* at 359-60 *(quoting Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.,* 582 U.S. 255, 262 (2018)) (further citation omitted). Each of the specific personal jurisdiction criteria are met here. Honeywell conducted business in this State including the assumption of the obligations of the pension plan at issue. The injury is directly related to Defendants' acts or omissions vis a vis the UOP Pension plan, and there can be no question about fairness.

Finding that Defendants are found in this District is also entirely consistent with the Seventh Circuit's test for when a defendant "may be found" in a given district for venue purposes under ERISA Section 502(e). First adopted by the Seventh Circuit in *Waeltz,* the Seventh Circuit's analysis is precisely the same as the specific personal jurisdiction test applied by the Supreme Court in *Ford Motor Co.* In

*Waeltz*, the only basis advanced by the Plaintiff for venue was where the Defendant was found.[3] 301

F.3d at 807. The Seventh Circuit rejected the argument that the defendant may be found where the

only connection to the district was that two participants resided and were receiving benefits in the

district: "absent any other contact between the Plan and the district, does not justify the exercise of

personal jurisdiction over the Plan under the minimum contacts approach of *Varsic* that we have

endorsed…" *Id.* at 810. In contrast to the *Waeltz* facts, in *Garcia-Tatupu v. Bert Bell/Peter Rozelle NFL*

*Player Ret. Plan*, 249 F. Supp. 3d 570, 575 (D. Mass. 2017), the court denied a motion to transfer venue

from the district where the plaintiff's ex-spouse lived and accrued pension benefits: "unlike the

plaintiffs in *Waeltz*, Tatupu earned benefits in the District of Massachusetts while employed with the

New England Patriots football team. I am satisfied the Defendants are 'found' in Massachusetts and

venue is proper here under ERISA." In *Garg v. Winterthur*, 525 F. Supp. 2d 315, 323–24 (E.D.N.Y.

2007), the court held that the plaintiff's choice of venue satisfied ERISA's venue provision in a claim

against a disability plan sponsored by his Swiss former employer because the plaintiff lived, worked

and earned disability credits and correspondence was directed to the plaintiff regarding his benefits in

that district. *See also Ramsom v. Admin. Comm. for Lightnet/WTG Special Income Prot. Program*, 820 F. Supp.

1429, 1433 (N.D. Ga. 1993) (venue proper because court "has personal jurisdiction over a plan

administrator when an employee covered by the plan performs his work and earns his pension credit

in the district"); *Seitz v. Bd. of Trustees of the Pension Plan of the New York State Teamsters Conf. Pension &*

*Ret. Fund*, 953 F. Supp. 100, 103 (S.D.N.Y. 1997) (venue was proper and defendant plan administrator

was found in district where "Plaintiffs worked, lived and earned their benefits" and where employer

made contributions to pension fund); *Stickland v. Trion Grp., Inc.*, 463 F.Supp.2d 921, 927 (E.D. Wis.

2006) (ERISA venue provision satisfied where plaintiff alleged that "defendants were doing business

---

[3] Even though one of the two plaintiffs resided in Illinois, the plaintiffs failed to sufficiently argue that
Illinois was where the breach took place and the court refused to consider it. *Id.* 301 F.3d at 807 n. 1.

in the district, and that such business included dealing with her and her former husband concerning her health insurance benefits…[and] that the present action arose out of such dealings."); *Nagle v. The Hartford Life & Accident Ins. Co.*, No. 15-CV-6073, 2015 WL 9268420, at *2 (N.D. Ill. Dec. 21, 2015) (venue found where "at least a portion of Plaintiff's claim directly arises out of the specific contacts between Defendant and this district."); *Rodolff v. Provident Life & Acc. Ins. Co.*, No. 01-CV-0768H(AJB), 2001 WL 34083814, at *1–3 (S.D. Cal. Aug. 23, 2001) (sufficient contacts where employer employed and insured individuals within state); *Turner v. CF&I Steel Corp.*, 510 F. Supp. 537, 543 (E.D. Pa. 1981) (jurisdiction proper where 29 participants "live in Pennsylvania, receive their benefits here and send their communications to the Plans from here, a foreseeable circumstance because the work which gave rise to pension benefits was performed nearby in New Jersey.").

**b) Defendants are found in this District under the test for general personal jurisdiction.**

"A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb*, 582 U.S. at 262. Here, the Court has general jurisdiction over Defendants (both as a result of and even absent Defendants' failure to challenge it). "Jurisdiction is proper, … where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "Thus where the defendant 'deliberately' has engaged in significant activities within a State…, or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id.* at 475–76 (citations omitted).

As the Supreme Court explained, "*Goodyear* and *Daimler* clarified that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all

claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citing *Daimler*, 571 U.S. at 127, 139, further citation omitted). *See also Mallory v. Norfolk S. Ry. Co.,* 600 U.S. 122, 141 (2023) (Pennsylvania had jurisdiction over company registered to do business there for many years pursuant to statute that gave the company right to do business in-state in return for agreeing to answer suit against it); *Rodolff*, 2001 WL 34083814, at *1–3 (general jurisdiction established based on defendants' significant contracts and employment of many individuals in the district and insurance company that covers employees working in state and district). Here, Defendants have maintained a continuous, deliberate, systematic and extensive presence in this State sufficient for general personal jurisdiction and may be found in this District under Section 502(e).[4]

## C.  Venue is also appropriate under the federal venue statute, 28 U.S.C. § 1391(b)

Venue is also proper under 28 U.S.C. § 1391(b)(2) or (b)(3). Venue is proper in an ERISA claim if the plaintiff satisfies either ERISA's venue provision or the federal venue statute, 28 U.S.C. § 1391(b). *See Varsic*, 607 F.2d at 248 ("The ERISA venue provision is intended to expand, rather than restrict, the range of permissible venue locations."); Wright & Miller § 3825 (ERISA venue provision is not exclusive); *Macdonald v. Assocs. for Restorative Dentistry Ltd. Pension Plan*, No. 2:16-CV-168-TLS, 2016 WL 4506872, at *2 (N.D. Ind. Aug. 29, 2016) (same).

Under 1391(b)(2), venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred" and "a substantial part of property that is the subject of the action is situated" in this District. "A 'substantial part of the events or omissions' as used in 28 U.S.C. § 1391 does not mean 'most,' nor does it require the district court to be the best venue." *Walker v. Bank of*

---

[4] In the event the Court were to find the facts produced by Plaintiff were insufficient to establish proper venue, Plaintiff requests leave to conduct venue discovery. See, e.g., *Sanderling Mgmt. Ltd. v. Snap Inc.*, No. 1:20-CV-04627, 2021 WL 843428 at *5 (N.D. Ill. Mar. 5, 2021) (court has discretion to allow discovery on venue).

*Am., N.A.*, No. 21-CV-03589, 2024 WL 4347111, at *2 (N.D. Ill. Sept. 30, 2024) (quoting *Savista, LLC v. GS Labs, LLC*, No. 23 C 6445, 2024 WL 1050159, at *4 (N.D. Ill. Mar. 11, 2024)). "Rather, '[t]o be 'substantial,' it is enough to establish that the events that took place in Illinois were part of the historical predicate for the instant suit.'" *Walker,* 2024 WL 4347111, at *2 (quotation omitted).

Here the relevant facts establish Plaintiff worked, lived and earned her benefits in this District under a pension plan established and maintained by UOP, a company that continues to have its headquarters in this District. Plaintiff's benefit application, calculations and confirmation of benefit form and amount were administered here and the Plan Trustee that manages and administers the Plan's assets and pays benefits is located in this District as well. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Venue is appropriate here. *Walker* 2024 WL 4347111, at *2 ("Thus, that Walker accessed the platform and purchased the tax liens from this District suffices to make venue proper here under § 1391(b)(2)"); *Vernon*, 2024 WL 216665, at *3 (events giving rise to  claim include an order entered by a Cook County judge and first miscalculation related to that order which took place in the District; "That is enough to constitute a 'substantial' portion of the events giving rise to the claim.").

Venue is also proper under 28 U.S.C. 1391(b)(3) which provides that "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Here, as set forth above, Defendants are subject to personal jurisdiction in this District both because they waived any such objection and because under ERISA, they are clearly subject to this Court's jurisdiction.

## V.    Conclusion

Venue is proper in this District under both ERISA Section 502(e)(2) and 28 U.S.C. § 1391(b)(2) or (3). Defendants' motion to transfer venue should be promptly denied and Plaintiff should be permitted to proceed with discovery.

Dated this 28th day of January 2025.

Respectfully submitted,

/s/Susan Martin

**MARTIN & BONNETT, P.L.L.C.**
Susan Martin (*pro hac vice*)
Jennifer Kroll (*pro hac vice*)
Michael M. Licata (*pro hac vice*)
4647 N. 32nd St., Suite 185
Phoenix, Arizona 85018
602.240.6900 (Tel)
602.240.2345 (Fax)
smartin@martinbonnett.com (email)
jkroll@martinbonnett.com (email)
mlicata@martinbonnett.com (email)

Caryn C. Lederer
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
312-580-0100
312-580-1994 (fax)
clederer@hsplegal.com
*Local Counsel*

*ATTORNEYS FOR PLAINTIFF*