**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ANTOINETTE NESSI, individually and on behalf of similarly situated individuals, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) ) | Case No. 1:24-cv-06093 |
| HONEYWELL RETIREMENT EARNINGS PLAN; HONEYWELL INTERNATIONAL INC.; JOHN DOE AND JANE DOE 1–10, | ) ) ) ) ) | Honorable Matthew F. Kennelly |
| Defendant. | ) ) |  |

**DEFENDANTS' REPLY TO COURT'S ORDER THAT PLAINTIFF**
**SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED OR**
**TRANSFERRED BASED ON IMPROPER VENUE**

# TABLE OF CONTENTS

**Page**

I.     Introduction ............................................................................................................1

II.    Argument ..............................................................................................................1

     A.    Plaintiff's Opposition Does Not Mention the Most Straightforward Reason That Venue is Not Appropriate Here:  The Forum Selection Clause. ................... 1

     B.    Even Absent the Forum Selection Provision, Plaintiff's Arguments For Venue in This District Are Misplaced. ................................................................ 2

          1.    Honeywell Has Repeatedly Argued Venue Is Not Proper.......................... 2

          2.    Honeywell Has Consistently and Correctly Said That the Plan Is Administered in North Carolina..................................................................... 5

          3.    Plaintiff's Arguments Based on Jurisdiction Miss the Mark. .................... 7

          4.    This Court Can Find a Lack of Venue Under Section 1391. ..................... 11

III.    Conclusion ..........................................................................................................13

## I.     INTRODUCTION

On January 7, 2025, the Court entered an order for Plaintiff to show cause why this case should not be dismissed or transferred based on improper venue.  As Honeywell has previously argued, venue is not proper in this District based on the clear and unambiguous forum selection clause in the Plan (and convenience likewise compels transfer).  Honeywell submits that these paths present the clearest basis for transfer of the litigation, which was improperly filed in this District.

However, to the extent that the Court desires to reach the question of whether, absent the forum selection clause, the case could have been brought in this District, the better answer is that it could never have been properly brought in this District, even if there were no forum selection clause.  Instead, even in the absence of the forum selection clause, this case could at most have been appropriately brought in North Carolina (where Honeywell has its principal place of business and the Plan administrator is located); Ohio (where Plaintiff resides); or Delaware (where Honeywell is organized).

## II.     ARGUMENT

### A.     Plaintiff's Opposition Does Not Mention the Most Straightforward Reason That Venue is Not Appropriate Here:  The Forum Selection Clause.

In its Order, the Court asked for Plaintiff to "show cause why the case should not be dismissed or transferred based on improper venue."  Dkt. 38.  While the Court's comments at last month's status conference highlighted one reason that venue is improper (the lack of any connection between Plaintiff, this suit, and this District), it bears emphasis that the most straightforward reason that venue is not appropriate here is that an unambiguous forum selection clause *requires* that this type of claim against Honeywell be brought in the Western

District of North Carolina.[1]  Dkt. 23, at 10–20; Dkt. 30, at 6–20.  Such clauses are enforceable in this Circuit, and this one was repeatedly provided to Plaintiff.  *In re Mathias*, 867 F.3d 727, 731 (7th Cir. 2017) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013)); *see also* Dkt. 23, at 8–9; Dkt. 30, at 17.

In her briefing on the motion to transfer, Plaintiff attempted to complicate this issue, speculating about irrelevant and/or nonexistent supplements as a means of obscuring the simple fact that this case was improperly brought in this District.  But the reality is simple: Plaintiff brought this case in a district that is not allowed by the forum selection clause, that has no connection to the dispute, that is not convenient for any party, and that is therefore not an appropriate venue.  This Court has multiple paths to reach the conclusion that the case must be transferred.

### B.  Even Absent the Forum Selection Provision, Plaintiff's Arguments For Venue in This District Are Misplaced.

### 1.  Honeywell Has Repeatedly Argued Venue Is Not Proper.

Plaintiff's argument that Honeywell waived any objection to this forum ignores Honeywell's prior briefing.  Honeywell repeatedly explained that the "Plan's valid forum-selection clause *requires* that claims like Nessi's be filed in the Western District of North Carolina."  Dkt. 23, at 5; *see also id.* at 11 (referencing "Honeywell's decision to require litigation regarding its retirement plan to occur in the federal district where the company is

---

[1] The Supreme Court has held that venue is "proper" for purposes of Section 1391(b) so long as its requirements are met, even where a binding forum-selection clause mandates transfer, such that a motion to transfer based on a forum-selection clause is not considered a challenge to whether venue is "proper" under the statute.  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56–57 (2013).  Honeywell does not claim otherwise.  But a venue is not allowable (and thus improper in the common sense of the word) where such a clause exists.  *See, e.g.*, *In re Mathias*, 867 F.3d 727, 729 (7th Cir. 2017) (finding mandamus relief appropriate to resolve "the question of proper venue" in light of a forum selection clause).

located"); Dkt. 30, at 1 (Honeywell's Plan "contains a valid-forum selection clause that requires suits regarding the administration of benefits of the Honeywell Plan to be filed in the Western District of North Carolina."). Accordingly, Plaintiff is simply wrong that Honeywell "consented to venue," or "waived any claim that this District is the wrong venue," or "never assert[ed] that venue in this District is improper." Dkt. 41, at 6–7. Honeywell has said consistently that this District is the wrong venue, and it was improper for Plaintiff to bring the suit here.

To be sure, Honeywell based its argument that this venue is "wrong" and "improper" on what it sees as the clearest reason: an unambiguous, enforceable forum selection clause providing that the Western District of North Carolina is the only permissible venue. But Plaintiff does not point to any cases holding that parties waive any alternative *reasons* that the venue is not permissible where a timely objection to venue is made based on one reason. Instead, *Esposito v. Airbnb Action, LLC*, 538 F. Supp. 3d 844, 850 (N.D. Ill. 2020), on which Plaintiff relies, found a venue objection forfeited when the defendant exclusively sought a Section 1404(a) transfer for convenience; unlike here, the defendant did not in parallel argue that the original venue was not allowed.

Even the rule that Plaintiff proposes (even though it would not apply here)—*i.e.*, that filing a Section 1404 motion without also contesting venue waives a challenge to venue—has not been applied on a blanket basis by this Court. In *Vanguard Fin. Serv. Corp. v. Johnson*, 736 F. Supp. 832, 837 (N.D. Ill. 1990), the court held that it "would be inappropriate for the Court to conclude that it cannot independently examine the propriety of venue under § 1391(b) simply because [defendant] has failed to argue this issue." Notably, and unlike Honeywell, the defendant in *Vanguard never* even challenged venue at all. While later

Seventh Circuit precedent draws into question the district court's ability to dismiss a case for improper venue where the defendant affirmatively accepts the venue, *see Auto. Mechs. Loc. 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 745–46 (7th Cir. 2007) (defendant explicitly waived forum selection clause), it has not disturbed the *Vanguard* court's holding that a court may transfer a case where a litigant is initially silent on the propriety of the forum. And it certainly has not held that a court may not transfer a case for improper venue when a litigant has consistently *objected* to the forum, albeit on other grounds.

Under governing precedent, a motion to transfer pursuant to a forum selection clause is properly brought under Section 1404(a). *In re Mathias*, 867 F.3d at 731. So, Plaintiff is technically correct that Honeywell filed a Section 1404(a) motion, and that courts in this District have held that Section 1404(a) ordinarily requires that venue be proper "in both the transferor and transferee court." *Chukwu v. Air France*, 218 F. Supp. 2d 979, 988 (N.D. Ill. 2002). But there is nonetheless a difference between seeking transfer only for convenience because another forum is *preferable*, and arguing, as Honeywell did, that this District was never an appropriate venue in which to file this suit because of the forum-selection clause Regardless of whether it makes sense to find a venue challenge waived by an ordinary Section 1404(a) motion for convenience, the same logic does not apply where the premise of the Section 1404(a) motion is that the original forum *is not an appropriate forum* due to a forum selection clause. After all, enforcement of the forum selection provision by the court in that context necessarily requires the conclusion that the original venue was not appropriate. *See Vanguard*, 736 F. Supp. at 838.

4

### 2. Honeywell Has Consistently and Correctly Said That the Plan Is Administered in North Carolina.

Plaintiff next argues that venue is proper here under 29 U.S.C. § 1132(e)(2) because "the plan is administered" in this District via its *former* recordkeeper, Alight. That is false, and Plaintiff does not ultimately really contend otherwise. Instead, her argument that the Plan is administered in this forum by Alight quickly devolves to an argument that the Plan *used to be* administered here and that where it was administered "at the time of her retirement" is key. Dkt. 41, at 9. Plaintiff's assertion without citation or explanation that the relevant time is "the time she left employment"—or even that a relevant time is when she requested benefits (Dkt. 41, at 5)—is flatly inconsistent with the statute, which unambiguously allows venue if the plan "is administered" in the district, not if it was administered in the district at some point in the past. Accordingly, this argument fails on the face of the statute.

As explained in Honeywell's Motion to Transfer, Honeywell Plan administration is handled by Conduent and Honeywell and is consolidated in North Carolina. *See* Dkt. 23, at 2; *see also* Dkt. 23-1 at ¶¶ 10–11. The documents Plaintiff submitted in support of her Response to the Court's show-cause order reflect that she was instructed to contact Honeywell and not Alight either through a Honeywell telephone service center or online portal. *See* Dkt. 42-1 at Ex. A. Nessi presents as Exhibit B an online printout of a webpage she accessed "on January 27, 2025" (*i.e.*, years after the conduct she challenges in her Complaint) showing an Illinois address for a Retiree Service Center, Dkt. 42-1 at ¶ 8, but there is no evidence she ever sent correspondence to that address or even about what was located at that address.

Similarly, Plaintiff advances no allegations (let alone evidence) that Northern Trust had any involvement in the plan administration that Plaintiff challenges in her Complaint. Northern Trust is nowhere mentioned in the Complaint, and for good reason. Northern Trust

is the Plan trustee; it is responsible for overseeing a trust account from which benefit payments are issued. *See* Dkt. 42 at ¶ 14; Dkt. 42-6; Dkt. 42-7. But there is nothing tying Northern Trust to the calculation of Plaintiff's benefits. Ultimately, there is nothing in the record reflecting that the Plan is administered in Illinois.

Even if Alight or Northern Trust were currently performing some relevant administrative functions for the Plan, the fact that these global institutions are headquartered in Chicago would not mean that the *Plan* was administered in this District. Alight has a "Global presence" that serves "4,300 clients and their 35 million employees."[2] Similarly, Northern Trust is a Fortune 500 company with locations and customers around the world.[3] If the location of a third-party vendor's headquarters were sufficient to establish venue in this District for any suit related to any benefit provided by any employer using the vendor's services, any of the 35 million employees whose benefits Alight services could haul their employers into court here, regardless of where they are employed or where their employer is located. That is not the law, and Plaintiff does not cite any authority suggesting it is. Instead, Plaintiff must show that the Honeywell Plan itself is administered here. *See McCurry v. Mars, Inc.*, 2020 WL 6075872, at *7 (N.D. Ill. Oct. 15, 2020) (finding venue in the Northern District of Illinois improper where plan administration was centralized in other districts).

Plaintiff also argues at times that Honeywell did not dispute that the Plan was administered in Illinois, but that too is false. In fact, Honeywell very clearly stated, from page 1 of its Motion, that the Plan is administered in the Western District of North Carolina.

---

[2] Alight, *Global Presence*, https://www.alight.com/about/global-presence (last accessed Feb. 8, 2025).
[3] Northern Trust, *Worldwide Presence. Local Expertise. Financial Excellence Around the Globe*, https://locations.northerntrust.com/united-states/about-us/locations (last accessed Feb. 8, 2025).

Dkt. 23, at 1. In its Reply, Honeywell was even clearer that no relevant administrative functions take place in Illinois, stating that "no relevant events occurred in Illinois—the Plan records are located, and Plan administration occurs, in North Carolina." Dkt. 30, at 14. Honeywell has consistently maintained that, notwithstanding Plaintiff's contrary assertion, the Plan is administered in North Carolina and not in Illinois. Plaintiff's reassertion of her position does not mean Honeywell has not properly and consistently contested it.

Finally, to the extent Plaintiff argues that venue is proper because the "breach took place" in this District, 29 U.S.C. § 1132(e)(2), that argument also lacks merit because, in a denial of benefits case, "'where the breach took place' means 'the place where pension benefits are received, which is plaintiff's residence.'" *Macdonald v. Assocs. for Restorative Dentistry Ltd. Pension Plan*, 2016 WL 4506872, at *2 (N.D. Ind. Aug. 29, 2016) (collecting cases). And Plaintiff's residence is undisputedly in Ohio. *See, e.g.*, Dkt. 42 at ¶ 5. In a breach of fiduciary duty case, some courts have held that even Plaintiff's residence is not the proper venue; the appropriate venue is where the decision making for the plan takes place (here, North Carolina). *McFarland v. Yegen*, 699 F. Supp. 10, 12 (D.N.H. 1988). In either event, it is decidedly not Illinois.

### 3. Plaintiff's Arguments Based on Jurisdiction Miss the Mark.

Plaintiff is correct that ERISA generally allows for venue in a district where the defendant may be found—*i.e.*, is subject to personal jurisdiction for the particular claim. 29 U.S.C. § 1132(e)(2); *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 810 (7th Cir. 2002). But she ignores the law of general jurisdiction entirely and focuses on the wrong contacts for specific jurisdiction. Neither provides a sufficient basis for venue.

#### a. Plaintiff's General Jurisdiction Argument Is Frivolous.

Plaintiff's argument that venue is proper for this suit because Honeywell—a Delaware

corporation with its principal place of business in North Carolina—is subject to general jurisdiction in Illinois is squarely foreclosed by Supreme Court precedent. Indeed, Plaintiff cites the Supreme Court's description of general jurisdiction in *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017), as involving contacts so "continuous and systematic as to render them essentially at home in the forum state," but ignores the remainder of the paragraph. *BNSF* goes on to describe the "paradigm" forums for general jurisdiction as the "corporation's place of incorporation and its principal place of business," with any other forum requiring an "exceptional case"—such as the temporary relocation of the defendant to the forum such that the forum was the temporary center of its activities. *Id.* Plaintiff's only other case post-dating the Supreme Court's 2014 clarification of the limits of general jurisdiction in *Daimler AG v. Bauman*, 571 U.S. 117, 129 (2014), involves the enforceability of a defendant's pre-suit consent to general jurisdiction, an issue not presented here.

In short, "the [Supreme] Court has identified only two places" where there is general jurisdiction over a corporation: "the state of the corporation's principal place of business and the state of its incorporation," and any other candidates would have to meet "stringent criteria" establishing the corporation was "essentially at home" in the forum state. *Kipp v. Ski Enter. Corp. of Wisc., Inc.*, 783 F.3d 695, 698 (7th Circ. 2015). Plaintiff's conclusory allegations of surface-level contacts does not establish any colorable basis to claim general jurisdiction here. Her position is foreclosed.

### b. Plaintiff's Specific Jurisdiction Argument Lacks Merit.

Plaintiff's argument for specific jurisdiction requires analysis whether the suit "arise[s] out of or relate[s] to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021). "Specific jurisdiction does not concern generalized 'minimum contacts,' but rather sufficient contacts with the forum with respect to

the claim at issue." *Dull v. Energizer Pers. Care, LLC*, 2015 WL 5308871, at *8 (S.D. Ohio Sept. 11, 2015) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Notably, it is *Honeywell's* "conduct that must form the necessary connection with the [district]." *Id*. (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). Whether this suit arises out of or relates to Honeywell's contacts with Illinois turns on the alleged conduct by Honeywell from which the suit arises, but that conduct is focused on Defendant's administration of the plan in North Carolina, or (perhaps arguably) the Plaintiff's claimed underpayment in Ohio.

The only binding law that Plaintiff cites favors Honeywell. In *Waeltz*, the Court refused to find "mere residency of plan participants in a district" to be sufficient; Plaintiff does not even claim that exists here. *Waeltz*, 301 F.3d at 810; *cf. Fred G. v. Anthem Blue Cross Life & Health Ins. Co.*, 2022 WL 3227127, at *2 (N.D. Cal. Aug. 10, 2022) (rejecting venue under ERISA where "Plaintiff does not allege that he lives in the Northern District [and] has not identified any acts or events relevant to this case that occurred in the Northern District").

Plaintiff cites several out-of-circuit district court cases that find venue proper where a plaintiff accrued his or her benefits in the forum. But many of those cases also involve a plaintiff who *received* those benefits in that forum. *See, e.g.*, *Garg v. Winterthur*, 525 F. Supp. 2d 315, 321, 324 (E.D.N.Y. 2007) (denying transfer motion and noting the district's "interest in providing a means of redress when residents' claims under their employee benefits plans are denied"). In *Seitz v. Board of Trustees of the Pension Plan of the N.Y. State Teamsters Conference Pension & Retirement Fund*, Plaintiff notes that the court held venue proper where the plaintiffs had lived, worked, and earned benefits, but she ignores that it did so only after

*rejecting* plaintiff's chosen venue in the absence of any evidence of "bank accounts, offices or employees of the Defendant" in that venue and where "minimal acts" occurred. 953 F. Supp. 100, 102–03 (S.D.N.Y. 1997). As one court has noted, "[o]ther ERISA cases adopting the minimum contacts test also involved a denial of benefits in the forum district and therefore the activities in the forum were more directly related to the litigation." *McFarland*, 699 F. Supp. at 12.

*McFarland* is analogous to this case and counsels in favor of a finding that venue here is improper. In *McFarland*, as here, the plaintiffs had worked in the forum (New Hampshire); unlike here, they still resided in New Hampshire at the time of the litigation. *Id*. But the court held that even that was insufficient for venue in New Hampshire, because the plaintiffs, like Plaintiff here, raised a breach of fiduciary duty claim based on a violation of duties imposed by ERISA—a violation that would have occurred where the defendant was located. *Id*. at 13–15. Here, as in *McFarland*, Plaintiff has "not established that any of the defendants 'purposefully directed' their activities towards [the forum] to any significant degree," and "the litigation does not arise out of or relate to those activities." *Id*. at 15. And while the *McFarland* court found it meaningful that the allegations "relate to the defendants' management of the [plan's] assets and not to the distribution of benefits," here even that distinction does not matter, because neither the management of the Plan *nor* the receipt of benefits by Plaintiff occurred in this forum. *Id*. Thus, as in *McFarland*, the contacts Plaintiff alleges "are less substantial and less related to [her] allegations than those found in other ERISA venue cases." *Id*. at 14; *see also Blevins v. Pension Plan for Roanoke Plant Hourly Emps. of ITT Indus. Night Vision*, 2011 WL 2670590, at *3 (D.S.C. July 8, 2011) (defendant was not found in the district where the alleged injury was its decision to not pay plaintiff disability benefits, which was made outside of the

district).  On this same logic, venue in this case is not proper in this District.

###    4.    This Court Can Find a Lack of Venue Under Section 1391.

Assuming that Section 1391 applies here, Plaintiff's argument for venue under Section 1391 fails for substantially similar reasons.  In particular, venue is proper under Section 1391(b)(2) where "a substantial part of the events or omissions giving rise to the claim occurred."  "[F]or events to be deemed 'substantial' under the statute, they must have a 'close nexus' to the alleged claim."  *Honest Abe Roofing Franchise, Inc. v. Lesjon Holdings, LLC*, 705 F. Supp. 3d 872, 881 (S.D. Ind. 2023).  And in this Circuit, courts "focus on the activities of the defendant and *not* those of the plaintiff."  *See e.g.*, *PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1016 (E.D. Wis. 2000) (emphasis added); *Johnson v. Masselli*, 2008 WL 111057, *4 (N.D. Ind. 2008) ("The proper analysis centers on where the *Defendants'* acts took place." (emphasis added)).  But here, Plaintiff has not pled that Honeywell did anything wrong during the period of her actual employment.  This case is exclusively about the pension benefit that Honeywell paid Plaintiff long after she was present in this District and its means of calculating that benefit.

Honeywell paid that benefit from North Carolina, and Plaintiff received it in Ohio.  In that circumstance, it is impossible to say that a "substantial part of the events . . . giving rise to the claim occurred" in Illinois.  *See Gilmour, Tr. for Grantor Trs. v. Blue Cross & Blue Shield of Ala.*, 2019 WL 2147580, at *11 (W.D. Tex. Mar. 6, 2019) (venue proper under § 1391(b)(2) "where [defendant] allegedly made the misrepresentations and plan decisions that form the basis of this entire suit").  Plaintiff's employment nearly 40 years ago is at this point an *insubstantial* part of the background of this claim.  Indeed, Plaintiff's employment arises in only a *single* factual paragraph of the Complaint—*i.e.*, that she was employed by UOP in this District from 1976–1988.  Compl. ¶ 8; *see Repository Techs. v. Sys. Consultants, Inc.*, 2003 WL 21148340, at *5 (N.D. Ill. May 16, 2003) (concluding that venue was improper because although the plaintiff listed events

that "g[a]ve rise to [its] claims, they [did] not form a *substantial part* of the events that underlie [its] complaint" (emphasis added)).

A recent decision of the Southern District of Texas applying Section 1391 in the ERISA context is instructive. In *Guardian Flight LLC v. Aetna Life Ins. Co. Inc*, 2024 WL 5274520, at *3 (S.D. Tex. Mar. 28, 2024), the plaintiffs medical service providers claimed that insurers had violated ERISA by failing to pay for certain of their services. Plaintiffs' entitlement to these payments had been established through 51 awards from arbitrators. *Id*. at *2. Some of the arbitration awards had been entered in Texas, and some of the medical services underlying those awards had been rendered in Texas. *Id*. at *3. The defendants, however, argued that the non-payment occurred where they were located; not where these underlying events occurred. *Id*.

The court agreed and transferred the case to the district where the defendants were located. It held that "[a]t their core, Plaintiffs' claims in this case are predicated upon receiving the past due [payments] from" the insurers. *Id*. Thus, while the court acknowledged that the "awards at issue only came into existence" because the parties engaged in the arbitrations, some of which occurred in Texas, "the substantial events or omissions giving rise to Plaintiffs' claims occurred when [the insurers] failed to timely pay" plaintiffs. *Id*. The court found it telling that "the Complaints are littered with allegations solely regarding Defendants' failure to pay . . . and why Plaintiffs are entitled to receive those outstanding payments as well as costs and interest." *Id*.

The same is true here. The Complaint focuses almost exclusively on Honeywell's approach to calculating JSA benefits, and not at all on events during Plaintiff's employment decades ago. That Plaintiff's employment is a background fact underlying this case does not make it a "substantial event or omission giving rise to" her claims when "at their core," Plaintiff's claims only challenge conduct occurring much later in North Carolina. *See id*. Section 1391, to the extent

it applies, thus does not authorize suit in this forum.[4]

### III.    CONCLUSION

This Court has before it multiple avenues to transfer this case to the Western District of North Carolina.  Honeywell respectfully requests that the Court do so either (i) pursuant to the unambiguous forum selection clause that mandates transfer; (ii) for convenience under Section 1404; or (iii) on the basis that this District is not a proper venue.

---

[4] *McCurry*, 2020 WL 6075872, at *7 ("Because ERISA has its own venue provision, 28 U.S.C. § 1391 does not apply.").

Dated: February 11, 2025          Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: */s/ Ashley E. Johnson*

Karl G. Nelson
Ashley Johnson
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
KNelson@gibsondunn.com
AJohnson@gibsondunn.com

*Attorneys for Honeywell Retirement Earnings*
*Plan and Honeywell International Inc.*

## CERTIFICATE OF SERVICE

I, Ashley E. Johnson, an attorney, hereby certify that, on February 11, 2025, I electronically filed with the Northern District of Illinois – Eastern Division, via the Court's CM/ECF system, the foregoing Defendants' Reply to Court's Order for Plaintiff to Show Cause Why the Case Should Not Be Transferred or Dismissed, which caused it to be served upon the following counsel of record:

Susan Martin
Jennifer Kroll
Michael Licata
Martin & Bonnett, P.L.L.C.
4647 N. 32nd St, Suite 185
Phoenix, AZ 85018
smartin@martinbonnett.com
jkroll@martinbonnett.com
mlicata@martinbonnett.com

Caryn C. Lederer
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
clederer@hsplegal.com

*Counsel for Plaintiff*

*/s/ Ashley E. Johnson*